IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ANTONIO BRAVO AGUIRRE and SYLVIA MENDEZ, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 150351N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **FINAL DECISION** |

This Final Decision incorporates without change the court's Decision, entered May 11, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiffs appeal Defendant's Notices of Proposed Refund Adjustment, dated March 18, 2015, for the 2011 and 2012 tax years, and Defendant's Notice of Deficiency Assessment, dated May 19, 2015, for the 2013 tax year. A trial was held in the Oregon Tax Courtroom on February 8, 2016, in Salem, Oregon. Plaintiff Antonio Bravo Aguirre (Aguirre) appeared and testified on behalf of Plaintiffs through a court-provided Spanish interpreter. Nancy Berwick, Tax Auditor, appeared on behalf of Defendant. No exhibits were received from Plaintiffs. Defendant's Exhibits A through G were received without objection. Defendant's Exhibits included documents previously sent by Plaintiffs to Defendant.

I. STATEMENT OF FACTS

Plaintiffs amended their 2011, 2012, and 2013 federal and Oregon income tax returns to include as Plaintiffs' dependents three children who lived in Mexico. (*See* Compl.) The three children were Plaintiffs' nieces and nephew. (*Id.*, Def's Ex C.) Defendant issued Notices of

Proposed Refund Adjustment disallowing Plaintiffs' additional three dependent exemptions for the 2011, 2012, and 2013 tax years because Plaintiffs "did not provide any of the requested documentation to verify that any of them were [their] dependents." (Compl at 3.) After Plaintiffs filed their Complaint with this court, Defendant reviewed additional documentation provided by Plaintiffs. (*See* Def's Ex G.) Defendant agreed that Plaintiffs sent payments to family members in Mexico, but concluded that, "[b]ased on the documentation provided, there is nothing to indicate that the children are not the dependents of their parents. There was nothing to show what amount of financial support was needed for each child." (*Id.* at 2.)

At trial, the parties agreed that Plaintiffs sent $1,079 to their family members in Mexico in 2011 and they agreed that Plaintiffs sent $2,300 in 2012. (*See also* Def's Exs C; G at 1-2.) Plaintiffs claimed that they sent $1,200 to their family members in Mexico in 2013. (Def's Ex C.) Defendant found that Plaintiffs proved that they sent $300 in 2013, but did not provide proof of the remaining $900 claimed for that year. (Def's Ex G at 2.) In a letter dated February 16, 2015, Aguirre wrote that his "father, who resides with the children as well has been the person to pick up the money transfers in most cases, as well as my sister. They all reside in the same household and the money is for [the] direct care of my nieces and nephews." (Def's Ex C.)

Plaintiffs' nieces were born in 2004 and 2012, and Plaintiffs' nephew was born in 2009. (Def's Ex B at 1-3.) Aguirre testified that, at the request of Defendant, he asked his sister for a letter regarding the children's total support. He testified that his sister initially wrote a letter in Spanish, but it was translated to English. (*See* Def's Ex F.) The translated letter, signed by Maria Eudelia Bravo Aguirre, states that she is "a single mom of three children" who "live under [her] custody and depend economically on [her] brother" Aguirre. (*Id.* at 2.) Aguirre's sister wrote that, to pay for the children's "nutrition, health, education and the rest of expenses in

general," Aguirre "sends annually the amount of nine million dollars (American dollars), being this amount is what is needed to cover the expenses of * * * [her] three children." (*Id.*)

Aguirre testified that his sister's letter estimated the total expenses for each child to be between $2,000 and $3,000 per child per year. Berwick asked Aguirre if he considered what he sent for his sister's children to be more than 50 percent of the total support for each child. Aguirre testified in response that he did not, but explained that he has his own family in the United States that he must support, too.

## II. ANALYSIS

The issue presented in this case is whether Plaintiffs are allowed three dependent exemptions for their two nieces and one nephew for the 2011, 2012, and 2013 tax years.

"[T]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code [IRC] * * * subject only to modifications specified in Oregon law." *Voy v. Dept. of Rev.*, 20 OTR 179, 181 (2010), quoting *Ormsby v. Dept. of Rev.*, 18 OTR 146, 151 (2004) (internal quotation marks omitted); ORS 316.007.[1] IRC section 152(a) defines a "dependent" as "a qualifying child" or "a qualifying relative" of the taxpayer.[2] A "qualifying child" of the taxpayer must have "the same principal place of abode as the taxpayer for more than one-half of such taxable year." IRC § 152(c)(1)(B). In this case, Plaintiffs nieces and nephew lived with other family members in Mexico. Thus, Plaintiffs may only claim their nieces and nephews as dependents if they are "qualifying relatives." IRC § 152(d).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011. The 2009 ORS are applicable to the 2011 tax year, but the specific sections of the ORS cited are identical to 2011.

[2] "The term 'dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States." IRC § 152 (b)(3)(A); *see also* Treas Reg § 1.152-2(a)(1) (specifically identifying residents of Mexico as eligible dependents).

To be a "qualifying relative" under IRC section 152(d), the individual in question must have a relationship to taxpayer as described in IRC section 152(d)(2), which includes "[a] son or daughter of a brother or sister of the taxpayer." IRC § 152(d)(2)(E). The individual in question must not be "a qualifying child of such taxpayer or of any other taxpayer" for the tax year. IRC § 152(d)(1)(D). The individual in question must have gross income for the tax year that is less than the exemption amount for the tax year. IRC § 152(d)(1)(B).[3] The taxpayer must provide "over one-half of the individual's support" for the tax year at issue. IRC § 152(d)(1)(C).

> "For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value."

Treas. Reg. § 1.152-1(a)(2)(i).

Plaintiffs bear the burden of proof and must prove their case by a preponderance of the evidence. ORS 305.427. "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

The court finds two significant problems with Plaintiffs' claim of three additional dependent exemptions for their nieces and nephew. First of all, the three children claimed by Plaintiffs have at least one parent – Aguirre's sister – and they live with that parent. As a result, the court questions whether the three children are the "qualifying children" of their parent, in which case they are not eligible to be Plaintiffs' dependents under IRC section 152(d)(1)(D).

---

[3] Those amounts were $3,700 in 2011; $3,800 in 2012; and $3,900 in 2013. *See* IRC § 151(d); *see also* IRS Pub 501 at 10 (2011); IRS Pub 501 at 12 (2012); IRS Pub 501 at 12 (2013).

Second, Plaintiffs admit that they did not provide "over one half" of the total support for their nieces and nephews. The children lived in a household with at least two other adults – Aguirre's father and sister – and presumably received some support from those family members, including the value of housing. For those reasons, the court concludes that Plaintiffs are not entitled to claim dependent exemptions for their nieces and nephew during the three tax years at issue.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiffs have failed to prove by a preponderance of the evidence that they are entitled to claim three dependent exemptions for their two nieces and one nephew for the 2011, 2012, and 2013 tax years. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of June 2016.

 

 

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 7, 2016.*